New Bethlehem Trust Company, Appellant, v. Spindler et al.

Argued March 21, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*George F. Whitmer,* with him *H. A. Heilman,* for appellant.

*Raymond E. Brown,* with him *H. M. Rimer,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 30, 1934:

On July 23, 1925, appellee, J. P. Spindler, and his son, L. C. Spindler, executed a demand note to plaintiff in the sum of $3,000. It was their joint and several obligation. It contained a confession of judgment, and judgment has been entered thereon. Endorsed on the note by an officer of the trust company at the time it was made is the following: "To be held as collateral for loans made to L. C. Spindler from time to time." L. C. Spindler was a partner of J. C. Keck; they traded under the name of "Keck's New Garage." The partnership obtained loans from the trust company and gave notes signed "Keck's New Garage, L. C. Spindler." L. C. Spindler and Keck's New Garage became bankrupt, and the trust company seeks to hold J. P. Spindler liable for these notes, on which there is due a balance of $3,931. The trust company claims he is responsible on the collateral note, which it held as security for all obligations signed by L. C. Spindler. J. P. Spindler, contending that his lia-

bility was limited by the terms of his note to the individual obligations of L. C. Spindler and asserting that the trust company held no such notes, presented a petition to the court below praying that, if the facts asserted by him were not disputed by the trust company, it be ordered to satisfy the judgment, and if they should be denied, that the judgment be opened and he be left into a defense. The court opened the judgment and awarded an issue. From this order the trust company has appealed.

This case is ruled by Heffner v. First Nat. Bank of Huntingdon, 311 Pa. 29. Under the authority of that case the collateral note on which judgment was entered against J. P. Spindler covered only individual obligations of L. C. Spindler, not those made by him and the partnership, Keck's New Garage. In the Heffner Case, Margaret Heffner and her husband made a promissory note for $2,000, payable to the bank. It recited that there had been deposited "as collateral security for the payment of this or any other liability or liabilities to said holder thereof, due or to become due, or that may be hereafter contracted, the following property, viz.: 67 shs. P. R. R. Co." The stock belonged to the wife. The husband, together with other persons, borrowed additional sums from the bank, in each case giving their joint and several notes therefor. The wife directed the bank to sell the stock and apply so much of the proceeds as was necessary to pay the note executed by her and her husband, and to remit to her the surplus. The bank refused to comply with this direction, stating that it held unsatisfied claims against the husband for which the stock was pledged. Thereupon the wife brought a bill in equity to compel the bank to account for the value of the stock and to pay her the surplus after liquidating her note. The bank set up the claim that under the wording of the note it could apply the surplus to the other obligations of the husband. We held that the position of the bank was untenable and that the wife was entitled to the surplus derived from

the sale of her stock after the payment of her note. In the opinion attention was called to the language of the note which lacked complete expression of the probable intention of the parties. It spoke of "any other liability or liabilities," but failed to indicate whose they were. (Here the language is limited to "loans made to L. C. Spindler.") We stated (page 33): "The natural inference from the clause......is that the securities were pledged for liabilities similar to those incurred on the note—joint liabilities, the joint liabilities of......Margaret and A. M. Heffner. ...... The joint liability of appellant and her husband is very different from the joint liability: [1] of her husband and his brother, [2] of her husband, his son and his brother, [3] of her husband and his son and a third party." So in the instant case, "To be held as collateral for loans made to L. C. Spindler from time to time" is very different from "to be held as collateral for loans made to L. C. Spindler and others." There we pointed to the principle that, "A pledge, like any other contract, where there is any doubt as to its meaning, must be construed with some degree of strictness against the party preparing it. ...... It was for the bank that prepared it to word it clearly in accordance with the meaning it now insists upon, by inserting words which adequately conveyed that meaning." In the case in hand, if the trust company wished to cover the obligations of others, its officer in writing the memorandum on the note should have made that clear. Not having done so, it cannot extend appellant's obligation beyond the terms which it drew, unless he had done something further to fix himself with liability.

We are of opinion that the court below on the record as it stands should have granted the first relief which the bill prayed for, and directed that the judgment should be satisfied. Accordingly, we reverse the order of the court below and direct the plaintiff to satisfy the judgment, unless further cause to the contrary be shown. Costs to be paid by appellant.