### KARDON v. WILLING.
#### No. 6593.

Circuit Court of Appeals, Third Circuit.
Nov. 30, 1938.

Rehearing Denied Jan. 11, 1939.

BUFFINGTON, Circuit Judge, dissenting.

Simon Pearl, and Henry Arronson, both of Philadelphia, Pa., for appellant.

Joseph Gross, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania. At the time of the closing of the Sixth National Bank of Philadelphia the appellant was indebted to the bank in the sum of $7,603.20 through his endorsement of notes held by the bank. He filed a bill in equity in which he sought the right to set-off against his liability a balance of $895.39 in a checking account in his, the appellant's own name, and $11,268.75 in a savings account designated "M. Kardon, in Trust for Robert Kardon." Robert Kardon is the appellant's minor son. It is undisputed that the money deposited in the savings account were the appellant's own funds and were used by him freely for his own purposes with the consent of the bank. The District Court denied the decree. It refused to allow the set-off as to the balance in the savings account and apparently inadvertently failed to pass upon the claim of set-off as to the balance in the checking account.

The appellant does not deny that a tentative trust was created as to the funds in the savings account. He argues, however, that he had the right to revoke this trust at any time and that his demand for a set-off amounted to a revocation. We may accept this as a correct statement of the respective rights of the settlor and the cestui que trust. The controversy, however, is whether the appellant had the absolute right to change the character of his relationship to the bank after its insolvency. We think he had no such right. In Dakin v. Bayly, 290 U.S. 143, 148, 54 S.Ct. 113, 78 L.Ed. 229, 90 A.L.R. 999 it was held that a defendant sued upon his individual debt may not set-off a demand against the plaintiff held in a fiduciary capacity. In its opinion the Supreme Court said [page 115]: "As respects the set-off of cross-demands, the rights of the parties became fixed at the moment of the insolvency of the St. Petersburg bank and consequent suspension of payment, Scott v. Armstrong, 146 U.S. 499, 511, 13 S.Ct. 148, 36 L.Ed. 1059; Davis v. Elmira Savings Bank, 161 U.S. 275, 290, 16 S.Ct. 502, 40 L.Ed. 700; and the right to set off is governed by the state of things existing at the moment of insolvency, not by conditions thereafter arising, Yardley v. Philler, 167 U.S. 344, 360, 17 S.Ct. 835, 42 L.Ed. 192, or by any subsequent action taken by any party to the transaction, Evansville Bank v. German-American Bank, 155 U.S. 556, 15 S.Ct. 221, 39 L.Ed. 259. * * *"

The rights and liabilities of the depositors were fixed as of the date of the bank's insolvency. At the time of the insolvency of the bank the appellant's control of the funds in the savings account was that of a fiduciary, whereas at that time he was indebted to the bank in his individual capacity. We think he is precluded from altering this situation so as to enable himself to take a set-off. This conclusion, however, does not apply to the amount in the checking account, for that account, it is admitted, was in the appellant's own name. The appellant is entitled to a set-off as to that account since the rights are mutual. In all other respects the decree is affirmed.

The case is remanded with directions to amend the decree in accordance with this opinion.

BUFFINGTON, Circuit Judge, dissents.