## Gombar et ux. v. Bell, Secy. of Banking, Receiver

*Paul E. Pendel*, for plaintiffs.

*J. Julius Levy*, for defendant.

HOBAN, J., December 29, 1939.—Petition for declaratory judgment. The case came before the court on petition, answer, and oral argument.

From the pleadings it appears that Louis Gombar was a director of the Throop State Bank of Throop, Pa. In 1931 the capital of the bank became impaired and the directors were called upon by the Secretary of Banking to make good the impairment by depositing securities. Louis Gombar and Mary, his wife, executed a mortgage on a property owned by them by the entireties and deposited this mortgage, which by its terms was given specifically as security against the impairment of the capital of the Throop State Bank, with the Secretary of Banking for that purpose. Subsequently, the Throop State Bank merged with the Mid-Valley Trust Company and after

that the institution was taken over by the Secretary of Banking for liquidation. The directors of the Throop State Bank made a demand upon the Secretary of Banking for the return of the securities deposited by them against the impairment of the capital, but the Secretary refused to make such return because various directors were indebted to the Throop State Bank or other banks taken over by the secretary.

In litigation in Dauphin County, which was also followed to the Supreme Court of Pennsylvania, it was decided that the Court of Common Pleas of Lackawanna County was the court to have jurisdiction of this matter. As a result of conference between the Secretary of Banking and the directors of the Throop State Bank, a compromise was agreed upon, which was subsequently confirmed by an order of this court entered on August 9, 1939, to no. 733, March term, 1932, by virtue of which the Secretary of Banking was directed to return to the directors of the Throop State Bank "who are not indebted to any of the institutions in possession of the Secretary of Banking those securities which had been pledged by them". Securities which had been pledged by directors who owed debts to the banks were to be used by the secretary to apply against such debts. Louis Gombar, one of the plaintiffs, was indebted to several of the banks in possession of the Secretary.

On the foregoing state of facts, plaintiffs seek a declaratory judgment to the effect that Louis Gombar, plaintiff, had no right to enter into any compromise or agreement pledging the mortgage in question to the satisfaction of his individual debts; that the Secretary of Banking had no right to hold the mortgage as collateral security for the individual debts or liabilities of Louis Gombar, and that the condition of the original deposit of the mortgage, to wit, the protection of the capital of the Throop State Bank, having been accomplished, the mortgage should be considered satisfied and the Secretary of Banking di-

rected to make such satisfaction on the margin of the record in the recorder's office.

The answer of defendant is to the effect that such a judgment would destroy the effect of the compromise agreement and would be in violation of the order of this court of August 9, 1939, authorizing such agreement to be put into effect.

If it were not for the compromise agreement and subsequent order of court, it is clear that the relief should be granted, for the mortgage was given expressly for the purpose of making good the impairment of capital, which was accomplished, and upon its accomplishment plaintiff should be entitled to have the mortgage satisfied. The mortgage could not be used for any other purpose without the consent of both mortgagors. See Heffner v. First National Bank of Huntingdon, 311 Pa. 29, and New Bethlehem Trust Co. v. Spindler et al., 315 Pa. 250. The cases just cited are even broader in their application of the principle involved than is required in the instant case.

We cannot agree with the argument for defendant that to grant the relief now sought would be to destroy the effect of the compromise agreement or to violate the terms of the order of this court in no. 733, March term, 1932. As to the agreement, if the Secretary of Banking chose to accept collateral securities to apply against the obligations of the pledgors, he must take such securities with whatever defects of title or ownership are attached to them, and it must have been clear upon the inspection of this particular mortgage that, the purpose for which it was given having been accomplished, it could not be pledged for any other purpose except by a new action of the mortgagors. In other words, it was not Louis Gombar's to pledge for any purpose he pleased, a fact which should have been apparent upon inspection. Nor will the return of this mortgage to its owners, and its satisfaction, in any way violate the terms of the order of August 9, 1939, to no. 733, March term, 1932, which was merely an order to facilitate the orderly liquidation

of the Mid-Valley Trust Company and the Throop State Bank, which order was granted on proper showing, as have been hundreds of other orders authorizing the compromise of claims of banks in liquidation against debtors for the purpose of facilitating the final liquidation of their affairs.

We conclude, therefore, that the relief sought in the instant case is proper. Hence we enter the following

*Declaratory judgment*

Now, December 29, 1939, upon consideration of the pleadings and the arguments of counsel, it is ordered, adjudged, and decreed:

(*a*) That Louis Gombar, the husband of Mary Gombar, had no power or authority, acting without the consent and authorization of his wife in the matter, to agree with the Secretary of Banking that the latter could hold said bond and mortgage as collateral security for his (Louis Gombar's) direct and contingent debts.

(*b*) That the Secretary of Banking of the Commonwealth of Pennsylvania, as receiver of the Mid-Valley Trust Company of Olyphant, Pa., or of any other institution in his possession, has no power or authority under said decree of this court to hold said bond and mortgage as collateral security for the debts or liabilities, either direct or contingent, of the said Louis Gombar.

(*c*) The Secretary of Banking, or his proper agent or attorney, is directed to enter satisfaction on the margin of the record of the mortgage given by Louis Gombar and Mary Gombar, his wife, to Lorene S. Nock, which mortgage is recorded in Mortgage Book no. 323, p. 591, in the office for the recording of deeds in Lackawanna County, which mortgage was duly assigned by said Lorene S. Nock to William D. Gordon, Secretary of Banking of the Commonwealth of Pennsylvania, which said assignment was recorded in Mortgage Book no. 324, p. 484, in the recorder's office for Lackawanna County.

616

(*d*) Upon the satisfaction of said mortgage, the Secretary of Banking, receiver of the Mid-Valley Trust Company as aforesaid, is directed to return to plaintiffs the mortgage aforesaid and the bond accompanying said mortgage, together with any fire insurance policies delivered to the said Secretary of Banking in accordance with the terms of said mortgage.