### REED v. ARON et'al.
### No. 7285.

Circuit Court of Appeals, Third Circuit.

June 17, 1940.

JONES, Circuit Judge, dissenting.

250

Joseph B. Quinn and Thomas J. Minnick, Jr., both of Philadelphia, Pa., for appellant.

James Francis Ryan, of Philadelphia, Pa., for appellees.

Before BIGGS, CLARK and JONES, Circuit Judges.

BIGGS, Circuit Judge.

The appellees, Aron and Broudo, a partnership which we will refer to hereafter as Globe, gave four promissory notes to ·A. S. Datz & Son, Inc., for merchandise purchased by Globe from Datz. These notes came due respectively on March 16, 1933, March 24, 1933, April 21, 1933, and May 28, 1933. Datz endorsed the notes to Commercial National Bank of Philadelphia, of which the appellant, Reed, is now the receiver, for value received and before maturity. Commercial National Bank was placed on a restricted basis on February 28, 1933, and a receiver was duly appointed for it by the Acting Comptroller of the Currency on May 22, 1934. On the dates on which the notes came to maturity Globe paid Datz the amounts due thereon. At the time the Commercial National Bank went on a restricted basis Datz had an account with the Bank in an amount in excess of the amount of the notes. The Federal Reserve Bank of Philadelphia brought suit upon the notes against Globe and Globe made Dyer, who was then the conservator for Commercial National Bank, an additional defendant by means of a writ of scire facias. Dyer responded for the Commercial National Bank by stating on October 11, 1933 that the Commercial National Bank was not the holder of the notes, they having been endorsed and delivered to the Federal Reserve Bank in consideration of money loaned by the Federal Reserve Bank to the Commercial National Bank. Thereafter this latter loan was repaid and the notes were returned by the Federal Reserve Bank to the receiver for Commercial National Bank, who proceeded to institute the suit at bar upon April 12, 1938. Judgment was entered in favor of Globe and from this the receiver appeals

Globe pleads payment and relies largely upon the decision of the Supreme Court of Pennsylvania in Re Harbaugh's Estate, 320 Pa. 209, 182 A. 394, 395. In the cited case it was held as an exception to the general rule that payment to the payee of a negotiable instrument when title and possession of the instrument has passed to another before maturity will not protect the maker unless the holder receives payment through an agent or the attending circumstances show that money in discharge of the obligation actually came into his hands. The holder, as the Supreme Court of Pennsylvania makes plain, "* * cannot again recover merely because he retains possession of the instrument." Globe takes the position that in view of the facts that upon the dishonor of the notes on maturity Datz had become a principal debtor instead of a mere endorser not primarily liable and had made a demand for the setting off of its deposit against the notes, Globe is entitled to avail itself of Datz' set-off as a defense to the suit at bar, Globe having paid Datz the amount of the notes as heretofore stated. The payment upon which Globe relies, however, under In re Harbaugh's Estate is not the fact that Globe paid Datz the amount of the notes upon maturity, but is the "payment" now sought to be made by setting off Datz' deposit against the obligation of the notes now held by the Bank.

The appellant for his part contends that the rights of the parties were fixed at the moment of the insolvency of the bank, viz., upon February 28, 1933, citing Kardon v. Willing, D.C., 20 F.Supp. 471, affirmed 3 Cir., 102 F.2d 957, In re Franklin Trust Company of Philadelphia, 319 Pa. 367, 179 A. 592, and other cases, and that since no right of set-off existed at that time in favor of Datz, the notes having passed out of Datz' possession, no right of set-off can now be asserted. We are of the opinion that Kardon v. Willing expresses the deciding principle in the case at bar.

It is fundamental of course that an endorser is only secondarily liable and cannot set-off his deposit balance against his liability on notes unless he can show the burden of paying the notes ultimately will fall upon him. When the notes have been dishonored and protested, as in the case at bar, the endorser becomes the principal debtor. See Maryland Casualty Company v. National Bank, 320 Pa. 129, 136, 182 A. 362, Franklin Savings & Trust Com-

pany v. Clark, 283 Pa. 212, 217, 129 A. 56. Here, however, at or about the time when Datz became the principal debtor it was paid by Globe. It is clear therefore that the burden of paying the notes did not and could not fall upon Datz. If Datz were permitted to avail itself of a set-off after it had been paid the sum of the notes by the maker it would in effect be paid again to the derogation of the creditors of the Bank. The learned trial judge states, "If Globe is compelled to pay the bank in this suit, Datz must repay the amount to Globe. Datz will receive a dividend on its deposit but will be deprived of the full benefit of the right of set-off which it would have had if the receiver had brought suit against it rather than against the maker of the notes." We cannot see that this is the case, for Datz is under no obligation to pay Globe anything, for under ordinary circumstances the maker can have no claim against an endorser. Datz will receive a dividend on its deposit, but we think it is not entitled to a set-off upon the facts in the case at bar.

Did Datz have a right of set-off which was exercised when the notes came back into the possession of Commercial National Bank from Federal Reserve Bank and may the appellees avail themselves of the benefit of this set-off, thereby gaining advantage of the rule that an endorsee, here the Commercial National Bank, which has been paid cannot collect the sum of a note from a maker who has paid an intermediate party? We are not unmindful of the fact that Commercial National Bank is not a holder in due course of the notes since they were received back by it from Federal Reserve Bank after their maturity and that therefore Commercial National Bank took the notes subject to every equitable and legal defense. It is also true that the appellees, Globe, can show that they no longer owe Datz anything, having paid Datz. But this is of no avail to the appellees unless they can avail themselves of the benefit of a set-off which Datz might have against the Bank. If there be no set-off, there is no "payment" to the holder of the notes, the Commercial National Bank, within the purview of the exception set forth in the decision in Re Harbaugh's Estate. It is obvious in so far as the suit at bar is concerned that if there was no "payment" by Datz by way of set-off against the Bank, the appellees gain nothing by virtue of any relationship they may have had or now have with Datz. It follows that

since Datz had no set-off, the exception of In re Harbaugh's Estate relied upon by the appellees is inapplicable and the appellees cannot maintain the defense of payment.

In the case of Willing v. Binenstock, 302 U.S. 272, 58 S.Ct. 175, 82 L.Ed. 248, reversing in part a decision of this court reported in 3 Cir., 88 F.2d 474, the question presented was whether or not the maker of a note was solvent so that an endorser who had a deposit with an insolvent bank might set off his deposit against his liabilty on the maker's note. The Supreme Court held that to permit the endorser to set-off his deposit when the maker of the note was solvent would enable the endorser to collect the full amount unpaid on the note from the maker and at the same time receive a larger amount of his deposits than other depositors. In the case at bar since Datz became primarily liable and was paid by the appellees, a fortiori the rule must be that the endorser is not entitled to a set-off since Datz can suffer no loss.

The learned District Judge states in his opinion, "If Globe is compelled to pay the Bank in this suit, Datz must repay the amount to Globe." There is nothing in the record before us which justifies a conclusion that Datz must repay to Globe. In the appellee's brief appears the statement, "Datz has agreed to repay Globe and would be held to do so." A similar statement was made before us at the time of the argument. Even if we assume that such an obligation exists no set-off would be possible, for the obligation upon Datz' part to repay Globe would result from that contract and not by virtue of any obligation of Datz upon the note. If there be such a contract it is between Datz and Globe and the appellant is not concerned with it. Nor is the appellant concerned with the fact that Datz may be enriched unjustly at Globe's expense by the receipt of dividends from the Bank. This also is a matter between Datz and Globe.

Accordingly the judgment of the court below is reversed and the cause is remanded with directions to the court below to enter judgment for the appellant in such amount as shall be found to be due him.

JONES, Circuit Judge (dissenting).

I should affirm for the reasons given in the opinion of Judge Kirkpatrick upon directing judgment below for the defendants.