## McCain *v.* Farmers National Bank, Appellant.

516

Submitted September 26, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Harry C. Golden,* for appellant.

*H. A. Heilman,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, October 31, 1944:

The question is whether collateral security pledged by an *individual* debtor to secure his present and future obligations may be retained by the creditor to secure payment of an obligation entered into by the same debtor *jointly* with another.

The facts are not in dispute. On March 26, 1934, a promissory note was given by S. H. McCain, Oliver W. Gilpin and Keystone Building by Oliver W. Gilpin, Treasurer, jointly, to the Farmers National Bank, of Kittanning, Pa., to secure payment of $4,100. The note was payable on demand. The money loaned thereon is due and unpaid. On March 29, 1939, S. H. McCain executed his personal note in the sum of $1,800, payable to the order of Farmers National Bank on demand. As collateral security the debtor deposited with the bank eighty-two shares of stock owned by him. The note recited that the stock was to be ". . . *collateral security for said sum, or for any other liability or liabilities of mine (as maker or endorser) to the holder hereof now*

*due or to become due, or that may be hereafter contracted
. . .*" On October 7, 1943, S. H. McCain tendered payment of his individual note in full and demanded a return of the stock deposited as collateral. The bank refused to deliver the collateral on the ground that it was security for the payment of the joint note dated March 26, 1934. A petition for a declaratory judgment was filed in the court below by S. H. McCain in which the bank joined. It was held that the collateral pledged to secure payment of the *individual* note could not be retained as security for the *joint* note and judgment was entered in favor of S. H. McCain, ordering the bank to deliver to him the collateral upon payment of his individual obligation.

The basis for the decision was that in the absence of a contrary agreement, collateral pledged to secure a specified loan or debt cannot be appropriated to different debts or classes of debts. The court relied upon *Heffner v. First National Bank of Huntingdon,* 311 Pa. 29, 166 A. 370, and *New Bethlehem Trust Company v. Spindler,* 315 Pa. 250, 172 A. 309.

In both of these cases we decided that in the absence of a plain agreement to the contrary, property individually owned by one of two pledgors is not subject to the joint liability of the other and a third person.

It is maintained by the appellee, and was so decided by the court below, that because of these decisions the converse is likewise true; i. e. when an individual pledges his own property to secure his *individual* debts as well as "any other liability or liabilities of me" such collateral may not be appropriated by the pledgee to cover the pledgor's liability upon a prior *joint* obligation.

It is clear that our decisions do not make the latter statement a necessary corollary. The two situations are quite dissimilar. In the *Heffner* case, a husband and wife were co-makers of a note. The wife pledged her stock as collateral. The words of the pledge were:

". . . as collateral security for payment of this or any other liability or liabilities to said holder thereof due or to become due, or that may be hereafter contracted. . . ." The husband and third persons subsequently borrowed money and gave their joint and several notes therefor. We decided that the individual collateral owned by the wife of one of the pledgors was not subject to the joint liability of her husband (the other pledgor) and a third person.

Justice KEPHART in the opinion construed the words of the pledge (page 33) and said that their meaning clearly limited liability to those who had signed the pledge and did not refer to "liabilities in general".

The *Spindler* case involved a similar situation. A father and son executed a joint demand note and endorsed thereon were the words: ". . . *to be held as collateral for loans made to [the son] from time to time.*" The son was a partner of a third person. The partnership obtained loans from the bank and gave its notes. We decided, following the *Heffner* case, that an agreement of suretyship for the obligations of an *individual* does not cover obligations of a partnership of which the individual was a member.

It does not follow from these decisions that in *every* case collateral deposited for one debt, or class of debts, cannot be appropriated to a different debt or class of debts. We clearly indicated that the parties, by plain and unequivocal language, could have made their contract include joint obligations, but failed to do so.

In the instant case the pledge was of the maker's own property. The collateral not only covered the amount of his individual loan, but was given as security ". . . for any other liability or liabilities . . . (as maker or endorser) . . . now due or to become due, or that may be hereafter contracted."

By the use of such language the pledgor expressly and in plain terms subjected his collateral not only to the immediate debt, but to any liability of his own to

the pledgee, *however contracted.* In no sense can it be inferred that these words limited the pledgor's liability to his independent *individual* obligations. The note specifically provided that the collateral covered his liability as *endorser.* This negatived any thought that the parties merely contemplated situations where the pledgor was the *sole* obligor. Nor is there merit in the contention that liability as a "maker" is different from that of a "co-maker" and the collateral cannot be appropriated in the latter case. A joint obligor is liable to the obligee for the payment of the whole of the joint obligation. See *Miller v. Reed,* 27 Pa. 244; *Willing v. Binenstock,* 302 U. S. 272; Restatement, Contracts, Section 117.

While apparently this question is one of first impression in this Court, it arose in Lancaster County, in *Lestz v. Cochran,* 34 D. & C. 522, where ATLEE, P. J., ruled as above indicated. The precise question also was decided in Massachusetts in a case where the facts were similar to those in the present case. In *Hallowell v. Blackstone National Bank,* 154 Mass. 359, 28 N. E. 281, 13 L. R. A. 315 (1891), HOLMES, J., said: "The clause pledging the property for any other claim against the debtor is not inserted with a view to certain specific debts, but as a drag-net to make sure that whatever comes to the creditor's hands shall be held by the latter until its claims are satisfied." See also *Norfleet v. Pamlico Ins. & Banking Co.,* 160 N. C. 327, 75 S. E. 937 (1912); *Fourth Nat. Bank of Nashville v. Stahlman,* 178 S. W. 942, L. R. A. 1916 A, 568 (Tenn., 1915); *Goldenberg v. Wardell,* 92 F. (2d) 539.

Judgment reversed and the record is remitted to the end that judgment may be entered in accordance with this opinion. Costs to be paid by appellee.