Cecil R. HOPKINS and Ruth O. Hopkins,
Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 13791.

United States Court of Appeals
Sixth Circuit.

Decided Oct. 29, 1959.

John Y. Merrell, Washington, D. C., for petitioners.

Helen Ann Buckley, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Carter Bledsoe, Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MILLER, CECIL and WEICK, Circuit Judges.

PER CURIAM.

The petitioner, Cecil R. Hopkins, hereinafter referred to as the taxpayer, was engaged in wholesale and retail selling of automotive parts, accessories and service. For the years 1943 through 1948, he knowingly made false income tax returns as a result of withholding from his books of account the business done with a number of customers and the failure to include in the income tax returns the income derived from such business.

On November 14, 1949, an internal revenue agent commenced checking the taxpayer's books, which were made available to him by the taxpayer. The taxpayer discussed the investigation with his accountant and thereafter employed a lawyer to represent him. The parties agreed upon a retainer fee of $15,000.00 and an additional fee of $15,000.00 in the event the case was disposed of without the taxpayer being required to serve time in the penitentiary.

The attorney advised the taxpayer to refuse to give further information to the revenue agent. The taxpayer did not follow this advice and decided to disclose fully all of the facts with respect to his income, so as to get the matter straightened out completely. Thereafter, the taxpayer and his attorney and his associate followed this course of procedure. Following disclosure by the taxpayer of the omitted income, a special agent from the Intelligence Unit was assigned to the case on January 16, 1950. On June 23, 1950, the special agent recommended that criminal proceedings be instituted against the taxpayer. The attorney and his associate continued to represent the taxpayer until September, 1950, when, at the request of the taxpayer, they withdrew from the case. On June 20, 1952, the taxpayer was indicted in the District Court for filing false and fraudulent income tax returns. He thereafter engaged other counsel to represent him in the criminal proceeding, to whom he paid a fee of $5,000. He entered a plea of guilty to two counts of the indictment and was sentenced to pay a fine of $10,000.00 on each of these counts.

Pending disposition of the criminal aspects of the case, the revenue agent proceeded with his investigation of the taxpayer's income tax liability and eventually made his report, proposing a deficiency in tax and a 50% addition thereto for fraud for each of the years 1943 through 1948. The taxpayer made periodic payments on his income tax liability and by December 2, 1954, he had paid $66,703.07, in full of such income tax liability and penalties.

In his income tax returns for 1949 and 1950 the taxpayer claimed as deductions the payments totaling $15,-000.00 made in those years to his first attorney who represented him before the indictment was returned. He did not claim a deduction for the $5,000.00 fee paid to the attorney who represented him in the criminal proceeding. The Commissioner disallowed the claimed deduction for legal fees paid to the first attorney. The Tax Court sustained the Commissioner.

The Tax Court recognized the settled rule that legal fees paid by a taxpayer in litigating his income tax liability or in contesting an asserted liability therefor before governmental agencies are legal deductions under Sec. 23(a) (1) (A), Internal Revenue Act, 26 U.S.C. § 23(a) (1) (A). Bingham's Trust v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670; Commissioner v. Schwartz, 5 Cir., 232 F.2d 94, affirming 22 T.C. 717; Greene Motor Co., 5 T.C. 314. It also recognized the settled rule

that legal fees paid by a taxpayer in his defense of an unsuccessful criminal trial for income tax evasion are not deductible. Acker v. Commissioner, 6 Cir., 258 F.2d 568, 571; Burroughs Building Material Co. v. Commissioner, 2 Cir., 47 F.2d 178, affirming 18 B.T.A. 101. It based its ruling upon the finding that the employment of the original attorney and the services rendered by him and his associate under that employment were directed to the prevention of criminal prosecution of the petitioner, and whatever services, if any, which related to the income tax liability itself and for civil sanctions were secondary and incidental.

Thereafter, petitioner moved that the Tax Court reopen the proceeding for the purpose of permitting him to introduce additional evidence bearing upon the nature and the extent of the services rendered by the original attorney and his associate, outlining what such services consisted of and contending that not less than 80% of such services rendered were devoted to the determination of the petitioner's correct income and the payment of the civil liability involved therein. This motion was overruled.

 In an income tax investigation of this kind, there are involved both civil liabilities and possible criminal prosecution. The services of an attorney are necessarily directed to both aspects of the case. The Tax Court has previously held that the existence of the criminal aspect of such an investigation does not prevent taking a deduction for legal fees paid for contesting civil liability. Schwartz v. Commissioner, supra, 22 T.C. 717, affirmed 5 Cir., 232 F.2d 94; Greene Motor Co., supra, 5 T.C. 314. On the basis of these authorities, the taxpayer made no effort to allocate the legal services between civil liability and possible criminal liability.

We are of the opinion that in view of said two previous rulings of the Tax Court, such an allocation should be made before the alleged income tax liability of the petitioner in the present action is finally determined. Accordingly, the decision of the Tax Court is vacated and the case remanded to the Tax Court for the purpose of hearing additional evidence by either or both of the parties bearing upon the character and extent of legal services rendered by the original attorney and his associate and the proper allocation of such services to the questions of civil and criminal liability, and to make further findings of fact with respect thereto. Sec. 2106, Title 28 U.S.Code; Willing v. Binenstock, 302 U.S. 272, 58 S.Ct. 175, 82 L.Ed. 248; Miller v. Commissioner, 6 Cir., 183 F.2d 246, 255; Winnick v. Commissioner, 6 Cir., 199 F.2d 374; Hamiel's Estate v. Commissioner, 6 Cir., 253 F.2d 787, 794; American Range Lines v. Commissioner, 2 Cir., 200 F.2d 844; Showell v. Commissioner, 9 Cir., 254 F.2d 461, 463; United States v. Knowles, 5 Cir., 235 F.2d 177.