Sol Schwaber v. Commissioner.
Schwaber v. Commissioner
Docket No. 69323.
United States Tax Court
T.C. Memo 1960-25; 1960 Tax Ct. Memo LEXIS 265; 19 T.C.M. (CCH) 142; T.C.M. (RIA) 60025; February 23, 1960
E. Chas. Eichenbaum, Esq., Boyle Building, Little Rock, Ark., for the petitioner. Joseph N. Ingolia, Esq., for the respondent. KERN
Memorandum Findings of Fact and Opinion KERN, Judge: Respondent determined a deficiency in Federal income tax of petitioner for the year 1951 in the sum of $11,319.35, resulting from his disallowance of a deduction on account of attorneys' fees in the amount of $16,300 "for the reason that the fees are not an ordinary and necessary expense within the provisions of Section 23(a) of the Internal Revenue *266 Code of 1939." The parties have filed herein a stipulation of facts. We find the facts to be as stipulated and incorporate herein by this reference the stipulation, together with all of the exhibits attached thereto. Omitting references to such attached exhibits, the stipulation of facts reads as follows: "It is hereby stipulated with respect to the above-entitled case that the following statements may be accepted as facts and that this stipulation shall be without prejudice to the right of either party to introduce other and further evidence at the trial of this case not inconsistent with the facts herein stipulated. "1. Petitioner is Sol Schwaber who resides at the Temple Garden Apartments at Baltimore, Maryland. "2. During the years 1944 and 1945, and prior and subsequent thereto petitioner was a partner in the Ackolite Company which was engaged in theprocessing and selling of substitutes for leather shoe materials. The other partners were petitioner's father, Joseph and his brothers, Nathan and Joseph Jr. Sol Schwaber was the operating head of the Ackolite Co. "3. On or about April 2, 1948, the petitioner became the subject of an investigation for criminal tax evasion *267 which was conducted by examining agents of the Internal Revenue Service. "4. The taxpayer originally employed his accountant, Alexander B. Ginsberg and in 1949 employed attorney Albert Arent of Washington, D.C. to represent him in the tax case. "5. On May 28, 1948, the Ackolite Company and its partners, including the petitioner, Sol Schwaber, filed amended income tax returns for the years 1944 and 1945. The amended returns of the petitioner indicated that there was an additional tax payment due of $12,614.84 for the year 1944 and an additional tax payment due of $65,870.62 for the year 1955. Mr. Schwaber remitted payment of these taxes plus interest with the returns. "6. During the time the criminal investigation was pending it was then and is now the policy of the Internal Revenue Service that no action or even discussion may be had regarding the civil tax liability until the criminal phase of a case is closed. "7. On June 9, 1950 the Commissioner of Internal Revenue recommended to the Department of Justice that Sol Schwaber be prosecuted for attempted evasion of his income taxes for 1944 and 1945 in violation of Section 145(b) of the Internal Revenue Code of 1939. "8. *268 From the date set forth in paragraph 8 above the Department of Justice had complete jurisdiction of the criminal income tax case against the petitioner until he was ultimately convicted and the criminal case closed. "9. On July 13, 1950 a conference was held in the Department of Justice between Mr. George R. Gallagher, an attorney in the Criminal Section of the Tax Division of the Department of Justice and Mr. Arent and Mr. Hall who represented the taxpayer. "10. On December 27, 1950 a conference was held in the Department of Justice between Mr. Charles Mehaffy, an attorney in the Criminal Section of the Tax Division of that Department, and Messrs. Arent and Hall who represented the taxpayer. A memorandum of this conference was prepared by Mr. Mehaffy. "11. On January 2, 1951 Mr. Mehaffy recommended to the Assistant Attorney General of the Tax Division of the Department of Justice that Sol Schwaber be prosecuted for attempted evasion of his taxes for the years 1944 and 1945. On January 18, 1951 the Assistant Attorney General made a like recommendation to Bernard J. Flynn, the United States Attorney at Baltimore, Maryland. "12. On March 13, 1951 Sol Schwaber was indicted for *269 income tax evasion for the years 1944 and 1945 in the United States District Court for the District of Maryland. "13. By letter dated May 19, 1951 Alexander Campbell informed the Attorney General that his firm was associating with attorneys Fisher and Gerber in the case involving Sol Schwaber. "14. On June 5, 1951 Alexander Campbell and Martin Gerber deposited with Meyer Rothwacks, who was then the Chief of the Criminal Section of the Tax Division of the Department of Justice, a letter dated June 4, 1951, a memorandum and a medical certificate. Mr. Rothwacks wrote a memorandum transmitting the above material to Charles Mehaffy on June 5, 1951 requesting his views in the matter. "15. Mr. Mehaffy wrote Mr. Rothwacks of his views by memorandum dated June 7, 1951. On June 8, 1951 Mr. Rothwacks placed his comments on the memorandum. "16. On June 7, 1951 Mr. Rothwacks wrote a memorandum to the Assistant Attorney General relative to the granting of a rehearing in the matter. "17. On July 20, 1951 Mr. Alexander Campbell discussed the case involving Sol Schwaber with Mr. Turner Smith who was then Acting Assistant Attorney General, Tax Division in the Department of Justice. Mr. Smith *270 wrote a memorandum regarding this conference. "18. On August 2, 1951 a conference was held in the Department of Justice which was attended by the taxpayer, Mr. Campbell, Mr. Gerber, certain witnesses and Mr. Rothwacks and Mr. Smith. Mr. Smith wrote a memorandum regarding the conference upon which Mr. Rothwacks subsequently made a notation. "19. On October 5, 1951 Mr. Alexander Campbell appeared in the Department of Justice and left a letter and memorandum with Mr. Fred Folsom, who was then an attorney in the Criminal Section of the Tax Division. Mr. Folsom wrote a memorandum regarding the above material to Mr. Rothwacks on October 5, 1951. "20. By letter dated October 19, 1951 the Attorney General informed Alexander Campbell that the Department of Justice and the United States Attorney had agreed that the criminal prosecution of Sol Schwaber should proceed. "21. On February 23, 1954 the taxpayer was arraigned in the United States District Court at Baltimore, Maryland and entered a plea of, 'not guilty', to the charges of tax evasion for the years 1944 and 1945. "22. On February 26, 1954 the jury returned a verdict of guilty. "23. On March 2, 1954 the taxpayer was fined *271 $10,000 on each of the 1st. and 2nd. counts of the indictment plus costs with commitment in default of payment of the fine and was committed to the custody of the Attorney General of the United States for imprisonment for a period of two years. "24. At the trial of the criminal case Sol Schwaber was represented by Dorsey Watkins and Cornelius Mundy both of Baltimore, Maryland. By that time Alexander Campbell and Martin Gerber had ceased representing the petitioner. "25. On March 19, 1954 the Assistant Attorney General closed the Department of Justice file in the criminal case of Sol Schwaber and returned the case to the Chief Counsel of the Internal Revenue Service. At that time jurisdiction of the case reverted to the Internal Revenue Service which could then undertake consideration of the civil tax liability. "26. During the pendancy [pendency] of the case in the Department of Justice it was the policy of that Department that no settlement or discussion of the civil tax liability could be engaged in until the criminal case had been closed. "27. During the pendancy [pendency] of the case in the Department of Justice neither Mr. Gallagher, nor Mr. Mehaffy nor Mr. Folsom *272 nor Mr. Rothwacks nor Mr. Smith ever considered the civil aspect of the case. They were only concerned with the criminal tax case and all of their activities were related to the criminal aspects of the case. In all their conferences and correspondence with Mr. Campbell and Mr. Gerber the individuals named heretofore were concerned with the efforts of taxpayer's counsel to secure a rehearing in the criminal tax case with a view toward the withdrawal of the indictment which had already been brought. "28. The only representations made by Mr. Alexander Campbell and Mr. Martin Gerber on behalf of the petitioner were those made before the Department of Justice and their activities were directed to the end that the Department of Justice should grant a rehearing in the case and should withdraw the indictment. Both Mr. Campbell and Mr. Gerber were aware that the representatives of the Department of Justice with whom they dealt had no authority to discuss or settle the civil tax liability and consequently they did not seek to discuss or settle such liability. "29. After the case of Sol Schwaber was returned by the Department of Justice to the Internal Revenue Service it was sent to the Audit *273 Division of the District Director of Internal Revenue at Baltimore, Maryland for action with respect to the civil tax liability. "30. On August 5, 1954 the District Director issued a 30 day letter (Form 1200) to the petitioner together with a copy of the internal [revenue] agent's report dated May 24, 1949. "31. By letter dated August 24, 1954, Morris Fedder, an attorney from Baltimore, Maryland informed the District Director that he had been employed to represent Sol Schwaber together with the Ackolite Rubber Company, Nathan and Joseph Schwaber. "32. Mr. Fedder's employment was related solely to the settlement of the civil tax liability of Sol Schwaber for the years 1943 to 1947 inclusive, and was not concerned with the criminal case which had since been completed. "33. By letter dated October 1, 1954 Mr. Fedder protested the findings of the Internal Revenue Agent as set forth in the report dated May 24, 1949. "34. Ultimately, the civil tax case was referred to the Appellate Division in the Internal Revenue Service and after discussion with representatives of that division Mr. Fedder agreed to pay the tax liability and 50% fraud penalty which had been asserted against *274 the petitioner. "35. On March 17, 1951 the petitioner executed and offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and of Acceptance of Overassessment (Form 870) wherein he agreed to the full deficiency asserted by the Commissioner. "36. Sol Schwaber paid $1,000.00 to Morris Fedder in 1956 and $1,000.00 in 1957 for services rendered relating to the settlement of the civil tax liability of the petitioner for the years 1943 to 1947 inclusive. The petitioner took these fees as deductions on the joint income tax returns of himself and his wife for the years 1956 and 1957. "37. On March 8, 1952 the petitioner filed his federal income tax return for the year 1951 with the Collector of Internal Revenue at Baltimore, Maryland. On page 3 under Miscellaneous Deductions the petitioner deducted $16,300 with the notation: "Paid to Alex. Campbell and Martin Gerber, Attorney in connection with preservation of income producing property with regard to contesting tax liability for 1944 and 1945. "38. The Commissioner disallowed the deduction claimed and mailed a statutory notice of deficiency to the taxpayer on June 5, 1957 wherein a deficiency of $11,319.35 *275 was asserted." On brief petitioner requests us to find, in addition to the acceptance of the stipulation, as follows: "That the legal services for which the fees were paid [to Campbell and Gerber] were not in connection with the settlement of the civil liability of the petitioner nor were they connected with the defense of the petitioner before a court of law on the charge of tax evasion. "The services of the petitioner's attorneys [Campbell and Gerber] were directed toward quashing the criminal indictment and when they failed in this other counsel was employed to defend the petitioner upon the criminal charge." We make these additional findings. The question here presented is whether this case comes within the ambit of Hymie Schwartz, 22 T.C. 717, affd. 232 F. 2d 94, or the ambit of Cecil R. Hopkins, 30 T.C. 1015, remanded 271 F. 2d 166. It is apparent to us that this case is governed by our reasoning in the Hopkins case. It is distinguished from the Schwartz case in that there the fees involved were paid prior to any indictment and "were for services in connection with determining the proper taxes due on petitioner's *276 business income and in attempting to settle petitioner's proper liability for taxes." Hymie Schwartz, supra at 721. This case is stronger for respondent than was the Hopkins case in that here petitioner's counsel on brief frankly states: "It is not contended that these counsel [Campbell and Gerber] were trying to settle the civil liability, but only that they were attempting to forego a criminal prosecution." Therefore there is not present here any matter which occasioned the remand of the Hopkins case. On the authority of the latter case, Decision will be entered for the respondent.