**L. M. TRACY and Reba A. Tracy**
v.
**UNITED STATES.**
No. 356–55.

United States Court of Claims.
Dec. 1, 1960.

James R. Murphy, Washington, D. C., for plaintiffs.

Robert Livingston, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland and Myron C. Baum, Washington, D. C., were on the briefs.

DURFEE, Judge.

This is a suit for refund of income taxes based on plaintiffs'[1] claim that they are entitled to a deduction for the calendar year 1950 of $11,500 in legal fees either as a trade or business expense under section 23(a) (1) (A) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 23 (a) (1) (A), or as a non-trade or non-business expense under section 23(a)

[1] Reba A. Tracy is a party to this action only because she and her husband, L. M. Tracy, filed a joint return for the year in question. Hereafter, the terms "plaintiff" and "taxpayer" will be used to refer to L. M. Tracy alone.

[2] 26 U.S.C. (1952 Ed.)
§ 23. Deductions from gross income.
"In computing net income there shall be allowed as deductions:
"(a) Expenses.
"(1) Trade or business expenses.
"(A) In general.
"All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered;

traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

\* \* \* \* \*

"(2) Non-trade or non-business expenses.
"In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for production of income."

(2).[2] The claim has been disallowed by the Commissioner of Internal Revenue and the Government defends this determination on the ground that the expenditures were personal ones which should be considered not deductible under section 24(a) (1).[3]

During the years 1943 and 1944 plaintiff was one of two partners in an agricultural partnership. He owned all of the partnership assets and during this period his sole trade or business was the management of the partnership agricultural activities. He participated in profits of the partnership to the extent of 75 percent. Following an investigation of the partnership and plaintiff's personal returns for 1943 and 1944, an internal revenue agent indicated that it appeared that they should have been filed on an accrual basis rather than on a cash basis. Consequently, plaintiff filed amended returns in 1945 and paid additional taxes. Some of the increased liability was a result of the change in accounting basis but some resulted from income deposited in a Chicago bank, but not previously reported.

In 1949, after he had been notified that a criminal action for tax evasion was to be instituted against him, plaintiff retained a Phoenix attorney to attempt to forestall the contemplated prosecution. There was, at that time, no indictment pending. Later the same year, plaintiff retained a Washington law firm who met with him, the Phoenix attorney, Bureau of Internal Revenue representatives, and the Department of Justice, in an attempt to convince the Government that they should not institute the criminal prosecution. Nevertheless, in March 1950 plaintiff was indicted on two counts of willful tax evasion under section 145(b) of the Code, 26 U.S.C.A. § 145(b), as a result of his 1943 and 1944 tax returns.

The Washington law firm terminated its services to L. M. Tracy immediately after the return of the indictment and was paid $10,000 for their services. The Phoenix attorney was paid $1,500 for his services. Both payments were made in 1950. Other payments were made to the Phoenix attorney in 1951 for his trial defense of plaintiff, but they form no part of the basis for this action.

Plaintiff pleaded guilty to Count II of the indictment and Count I was dismissed on motion of the Government. Plaintiff was sentenced to pay a fine and serve a term of confinement on account of his plea. Both portions of the sentence have been carried out. The legal fees were not claimed as deductions in plaintiff's 1950 income tax return but a timely claim for a refund of a portion of taxes paid, based on those expenditures, was made in 1954.

The case law relating to litigation expense deductions may be grouped under the following headings: nontax matters, civil tax matters, and criminal tax matters. In the first group of cases, the courts seem to be disposed to allow deductions for legal fees paid for litigation which is directly connected with the taxpayer's business. For example, the Supreme Court has allowed a deduction for legal fees expended in an unsuccessful defense of a mail fraud action where the issuance of a Post Office ruling would have destroyed the taxpayer's mail order business. Commissioner of Internal Revenue v. Heininger, 1943, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171.

There is, at the same time, a line of cases to the effect that legal fees expended in the litigation, determination, or compromise of civil tax matters (even where fraud penalties are involved) are properly deductible from gross income. It is abundantly clear from these cases

---

3. 26 U.S.C. (1952 Ed.)
   § 24. Items not deductible—(a) General rule.
   "In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x);
* * *."

that the fees for which deductions were allowed related solely to the determination or settlement of civil income tax liability. Hopkins v. Commissioner, 6 Cir., 1959, 271 F.2d 166; Brinson v. Tomlinson, 5 Cir., 1959, 264 F.2d 30; Commissioner of Internal Revenue v. Schwartz, 5 Cir., 1956, 232 F.2d 94. These holdings also require that the plaintiff prove what portion of the fees were allocable to the civil tax matter where the expenses also covered subsequent criminal tax representation before any deduction is allowed. Implicit in these holdings is that the business character of the expense is not in question in the absence of a conviction for tax irregularities.

The third type of litigation for which a deduction for legal fees may be sought is the defense of a criminal income tax prosecution. In Acker v. Commissioner, 6 Cir., 1958, 258 F.2d 568, the Tax Court was affirmed in the holding which it had adopted for that and similar cases, namely, that a taxpayer convicted of a crime in a federal or state court is not entitled to a tax deduction for his attorney's fees. This court has arrived at the same result, but based on quite different considerations, in Port v. United States, Ct.Cl., 163 F.Supp. 645.

The plaintiff in that case was a physician who was convicted of willful tax evasion based on understatement of his professional earnings. He attempted to deduct the legal fees expended in his defense from his income on the theory that this was authorized under either of the two sections of the Code advocated in this case because a criminal conviction could have resulted in the revocation of his license to practice medicine. In rejecting this theory, we said, at page 646 of the opinion:

"It has never been understood that it is the *effect* of a transaction upon one's business or income-producing property that governs deductibility under §§ 23(a) (1) or 23(a) (2). Kornhauser v. United States, 1928, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505; Lykes v. United States, 1952, 343 U.S. 118, 72 S.Ct.

585, 96 L.Ed. 791. Rather, deductibility of expenses under these sections is governed by a determination of their *cause* and "turns wholly upon the nature of the activities to which they relate." Lykes v. United States, supra, 343 U.S. at page 123, 72 S.Ct. at page 588.

The rule governing the present case is simply stated:

" '* * * where a suit or action against a taxpayer is directly connected with, or, as otherwise stated * * *, [has] proximately resulted from, his business, the expense incurred is a business expense * * *. [Kornhauser v. United States, supra, 276 U.S. at page 153, 18 S.Ct. at page 220.]'

"Proximate cause governs as well, the deductibility of expenses under § 23(a) (2). Trust of Bingham v. Commissioner, 1945, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670.

*    *    *    *    *    *

"The proceedings in the present case did not constitute an attack upon plaintiff's business, neither did they seek necessarily to destroy his business nor did they arise from a criminal characterization of his business practices. The expenses incurred were not made necessary by the nature of the taxpayer's business. Cf. Commissioner of Internal Revenue v. People's-Pittsburgh Trust Co., 3 Cir., 1932, 60 F.2d 187.

"The business of the plaintiff was the practice of medicine. The expenses which he seeks to deduct were incurred in defense of a criminal action brought against him as an individual to impose personal punishment for his wrongdoing. We may concede that conviction of this charge, as in the case of any serious criminal charge, could effectively deprive the accused of his trade or business for a long period of time, perhaps permanently. Indirectly, conviction of these charges could, if the punishment were sufficiently severe, deprive the accused of all, or

a substantial part of his income or income-producing property. But, obviously we cannot for these reasons say that the expenses were proximately caused by the taxpayer's business or his management of property. On the contrary, they were most directly related to, and were proximately caused by, his personal misconduct and wrongdoing. They cannot, therefore, be characterized as 'business' expenses within the meaning of § 23(a) (1) or as expenses for the management of property within the meaning of § 23(a) (2)."

In denying the deductions for fees expended in defending the criminal tax prosecution in the Port case, the court placed principal reliance on whether the tax activity which resulted in the expenditures for legal fees was proximately caused by the taxpayer's business. In this respect it is similar to the test applied to legal fees incurred in contesting nontax suits.

We note but one distinction between the facts in the Port case and the situation respecting this taxpayer. In the former case the expenses were incurred in unsuccessfully defending a criminal tax prosecution; in the latter, they were incurred in unsuccessfully attempting to forestall the return of a criminal tax indictment. But unless this difference operates to transform the character of the expenditure from a personal one to one necessarily connected with plaintiff's business or income-producing property, it cannot result in a legal distinction. We do not believe that such a distinction in character is present.

It is true that in arriving at this conclusion we must employ what the plaintiff calls "hindsight." By this he means that up to and including the return of an indictment there is still an unsettled question as to the taxpayer's guilt, and hence, an existing possibility that the legal fees expended were necessitated by business requirements and not personal wrong-doing. But where we have the added fact of a plea of guilty we cannot ignore it. It offers compelling evidence that the tax practices complained of were not required in the ordinary conduct of the taxpayer's business but were, rather, proximately caused by his criminal misconduct. Under the facts of this case, as they finally developed, the indictment is but one link in an integral chain which leads to the conclusion that whatever inaccuracies may have appeared on plaintiff's personal tax return, they had no connection with his business or property held by him. The Tax Court has even gone so far as to apply this proximate cause test to cases where the taxpayer was acquitted. Smith v. Commissioner, 31 T.C. 1. In other words, guilt of tax evasion clearly indicates that it was personal wrongdoing and not business necessity that resulted in the legal defense and the expenditure of fees; but even where guilt has not been proved, or has been disproved, there is authority for holding that business requirements had no standing whatever as a proximate cause of the tax prosecution.

The plaintiff has attempted to justify the deduction on the authority of those cases, cited above, which have recognized the validity of a deduction for legal fees expended in resolving matters of civil tax liability. He must fail in this effort since the record conclusively shows that the fees were paid for the sole purpose of forestalling the return of a tax indictment. The taxpayer admits that the full amount of tax liability considered to be due was paid at the time of the filing of the amended returns. There appears to have been no suggestion by any representative of the Government that the civil liability had not been fully satisfied. Moreover, the attorneys whose fees are at issue here were retained only after knowledge of pending criminal action was received by the plaintiff. No additional action on plaintiff's civil liability for 1943 and 1944 was ever undertaken by either him or the Government following the filing of the amended returns.

Finally, a brief word is in order regarding the Seventh Circuit case of Commissioner of Internal Revenue v. Shapiro, 1960, 278 F.2d 556. The plaintiff interprets it as supporting his right to the deduction. In that case, involving a husband and wife, the husband entered a plea of *nolo contendere* to a charge of tax evasion apparently with the understanding that the charge as to his wife would be dismissed. The charge was dismissed and the circuit court upheld the Tax Court's ruling which had allowed a deduction for the fees expended in the wife's behalf in the criminal action. The Tax Court's denial of a deduction respecting the fees in the husband's criminal defense was not contested.

First, it should be noted, that the court was solely concerned with the fees connected with the dismissal of the indictment of the wife. The court's ruling is in harmony with our theory that, in the absence of a determination of guilt of personal tax irregularities, it cannot be said that the taxpayer's business was not the proximate cause of the expenditures for legal guidance. Furthermore, in the Shapiro case the taxpayer's business was a sole proprietorship so that her personal return was also her business return. We do not believe that the Shapiro decision offers plaintiff any authority for his claim for deduction in this case. Rather it appears to restate our understanding of the state of the law on the deduction of legal fees.

It is our conclusion that the legal fees discussed in this case were neither ordinary and necessary business expenses nor expenses in connection with income-producing property; consequently, no deduction from gross income may be allowed. Therefore, plaintiff's petition must be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE and MADDEN, Judges, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.