## Humane Fire Company's Appeal.

1. The assets of a corporation organized for charitable purposes are held in trust for the public, and cannot, like the assets of a trading corporation, be distributed, upon its disssolution, among the members thereof.

2. A fire company is such a charitable organization, and upon its disso-tion to distribute its assets among the members is a perversion of the trust for which these assets were contributed by the public.

3. To entitle members of a fire company in Philadelphia to avail themselves of the provisions of the Act of May 28th 1872, providing for the dissolution of such companies and the distribution of their assets, they must show they have complied with all the provisions of the statute.

January 17th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Court of Common Pleas, No. 2, of *Philadelphia county:* Of July Term 1878, No. 27. In Equity.

This was a bill in equity, filed by one Joseph E. Smith and Francis Jordan, "and such others as agreeing to contribute to the expense of this suit, may become parties thereto," against "James McCullough, John M. Melloy, George W. Plumley and John A. Franks, holding forth as members and officers, and acting under color of the name and style of the Humane Fire Company of the City and Liberties of Philadelphia, and also the Humane Fire Company of the City and Liberties of Philadelphia," to recover two shares, to which they alleged themselves to be entitled as members in the property, real and personal, of the defendant corporation, which it was further set forth had in part been converted and divided among the other members thereof.

The material portions of the bill will be found in the opinion of this court. The answer of the defendants denied that plaintiffs were members of the corporation. The case was referred to a master, who reported that Smith was a member of the corporation at the time of the above-mentioned distribution, and that he was entitled to a distributive share thereof, and made a decree that defendants should pay him $2713.38. The court dismissed the exceptions filed to this report and confirmed the same. From this decree this appeal was taken. It appearing that Jordan never was a member, the bill as to him was dismissed.

*N. H. Sharpless,* for appellants.—The court below appears to

have assumed, in the face of both reason and authority, that upon the unlawful seizure of the property of the company by the members, they changed the title to it to themselves and held it in partnership, and are under a liability to account to each other for it. As there is no pretence of the corporation voluntarily parting with the title to this property for value or lawfully making a gift of it, how is it possible that the mere manual caption of it vested title to it in the defendants and their fellow members. Suppose the charter had been forfeited or they had surrendered it; this was not a money or a trading corporation; it was neither more nor less than a charity, and upon dissolution its personalty went to the Commonwealth: Angell & Ames on Corporations, sect. 779; Riddell *v.* The Harmony Fire Co., 8 Phila. R. 310–13; Commonwealth *v.* The Hibernia Engine Co., 1 W. N. C. 187; Thomas *v.* Ellmaker, 1 Parsons's Select Equity Cases 98. The principle contended for is recognised in the Act of May 28th 1872, Pamph. L. 1872, p. 1171,. providing for the surrender of the charter and dissolution of these fire companies and distribution of their assets upon terms and conditions, with which there is no allegation or proof of compliance in· this case.

*Henry McIntyre* and *David W. Sellers*, for appellees.

Mr. Justice GORDON delivered the opinion of the court February 3d 1879.

The bill in this case sets forth " that the Humane Fire Company of the City and Liberties of Philadelphia, one of the defendants, is an incorporated company in the city of Philadelphia, and that the other defendants are and were members and officers thereof. That the plaintiffs were for many years, and still are, honorary members of the said corporation. That the property of said company consisted, inter alia, of a steamer, hose, hose-carriage, horses and harness, real estate, stock in the Fire Association and other property, in all of the value of $50,000."

" That the said Humane Fire Company and the other defendants, members of said company, have, to wit: In the year 1871, sold part of the stock, namely: steamer, hose, hose-carriage, horses, &c., necessary for the corporate purpose and business, and are about giving up their organization and disbanding, and have illegally and fraudulently distributed and set over certain shares of stock of the Fire Association, and other property, of great value, to wit: of the value of $20,000; the property of said company, to and among the said members, defendants and others, other than your orators, and are threatening to sell the real estate of the said company defendant, situate in the city of Philadelphia, and so, as aforesaid, distribute and divide the proceeds of said real estate and other property of said com-

pany, to and among the said members, defendants and others, other than your orators."

Then follows the averments that the plaintiffs are severally entitled, in law and equity, to a full equal part and share of said property with the other members of said corporation, and that the defendants have refused, and still do refuse, to divide with the complainants.

Next come the prayers : 1st, for discovery and account ; 2d, that the defendants be decreed to pay, distribute and divide, to and with the complainants and each of them, the value of the said shares of stock and proceeds of said sales, in a fair and equal ratio with the other members of the said company ; 3d, that the defendants be decreed to return to the said company the shares of stock illegally distributed, or pay to the company the value thereof, and that they be restrained from selling the real estate ; and 4th, and last, that the complainants be decreed to be members of the company defendant, that the distributions made be declared illegal, and that said company be directed to collect, recover and receive the stock of the Fire Association so, as aforesaid, illegally distributed, or the value thereof in money.

The master found that Joseph E. Smith, one of the complainants, is now and was, at the time of the distribution above mentioned and set forth, a member of the Humane Fire Company, and as such entitled to a distributive share of its estate and property, and thereupon reported the following decree which was adopted by the court, to wit : " That of the assets distributed by the Humane Fire Company of the City and Liberties of Philadelphia, there is due the plaintiff the sum of $2713.38.    That the defendants, the Humane Fire Company of the City and Liberties of Philadelphia, John M. Melloy, George W. Plumley and John A. Franks, pay to said plaintiff the said sum hereby adjudged to be due him."

It would thus seem to have been assumed that the defendants, co-members of the company with the plaintiff, had disposed of and used to their own profit and advantage, property in part belonging to the plaintiff, and that for such part not only they but the company must account.    Now if this assumption be correct, then is the conclusion also correct ; but if it be so that this property belonged to the company and not to its members, then is this conclusion wrong and the decree founded upon it is also wrong.    This is not a trading corporation designed to make money for its shareholders, whose money has purchased its property and in which property every such shareholder has a right, proportioned to the amount of his contribution, but it is a charity, incorporated as a public benefaction, and it consequently holds its property, which has been contributed by the public, in trust for that public.    There are no shareholders in companies of this kind, and if any contributions have been made to this company by the members thereof, they were made as gifts and donations for the public good, and these members themselves are but

trustees and agents to carry into effect this charitable organization. That a voluntary association of individuals, who have contributed funds for a purely public purpose, will be regarded as a charity was ruled in Thomas v. Ellmaker, 1 Pars. 98 ; and that such association has been incorporated alters neither its design nor nature, but only gives it a legal status which it would not otherwise possess. Such being the case, it is very clear that when the members of this company undertook to divide among themselves the corporate property, they did so without right. At that time they had no shadow of title in that property, and but for the act passed May 28th 1872, Pamph. L. 1171, never could have such title. That act, in effect, donates the property of the corporation to such as may be members thereof when it is dissolved, but in order to produce this result the terms of the statute must be complied with, and without such compliance, the corporate members acquire nothing. It follows that Smith had no property in the assets of the Humane Fire Company, and if the respondents, wrongfully and without right, appropriated such assets, the wrong done was to the corporation and not to him, and so he has no personal redress. The company is in full life and ought to be both able and willing to take care of its own affairs. If there were no other obstacle in the way of the plaintiff, this would be an insuperable one, for he is endeavoring to set up and enforce a corporate right in his own favor and for his own purposes ; this cannot be done. Neither can he, as he now stands, maintain this bill for the company ; for as is said in Grant on Corp. 73, it is a rule in equity that a suit by an individual shareholder of an incorporated company complaining of an injury to the corporation, cannot be maintained if it appears that the plaintiff has the means of procuring a suit to be instituted in the name of the corporation itself; and this rule is held to apply equally whether the subject-matter of complaint be an act or transaction which is merely voidable at the discretion of the majority of shareholders, or an act or transaction absolutely illegal and incapable of being confirmed by a majority. Of course, the rule here announced must apply with equal or greater force to public charities where the individual member has no personal interest in the corporate assets. Now, from the bill, which we have under consideration, it does not appear that the plaintiff ever attempted to procure the corporation to move in this matter, or ever required it to take the necessary steps to recover the property of which it was despoiled : yet, as we have seen, this was a *sine qua non* to the plaintiff's right to act for it.

It has been urged, by the learned counsel for the plaintiff, that this was but a division by the corporation of certain of its assets among its members, a power belonging to all corporations, and that the defendants wrongfully possessed themselves of the plaintiff's share and so may be compelled to account. This would apply, in some cases, with much force to trading corporations, but not to a

[Humane Fire Co.'s Appeal.]

charity, for a charity has no property which it can thus dispose of. It is but a trustee for the public and to give its assets to its members would be a perversion of such trust.

It follows, that in no view of this case has the plaintiff any standing to maintain his bill.

> The decree of the Court of Common Pleas is reversed and vacated, and the plaintiff's bill is dismissed, and it is ordered that he pay the costs.