## Woolman School's Application.

D. Yeakle Miller, for petitioner.

KNIGHT, J., Sept. 18, 1929.—This is a petition by the Woolman School, a corporation, for authority to return a contribution of $10,000 to Mary W. Lippincott.

We gather from the petition the following facts: The Woolman School is a corporation of the first class and incorporated under the laws of Pennsylvania in 1918 for the purpose of promoting social and religious education.

Between the years 1918 and 1925, the corporation conducted a school at Swarthmore, Delaware County. In 1925, Mary W. Lippincott gave and conveyed to the corporation a tract of land at Wyncote, this county, and the school was removed to the new location. Shortly after the conveyance of the property referred to above, Mary W. Lippincott contributed to the said Woolman School the sum of $10,000 to be held by the said school as part of its endowment fund, the income therefrom to be expended for general purposes of the school. The Wyncote property was found to be unsuited for school purposes and was sold by the corporation with the approval of Mary W. Lippincott for about $80,000, and the money is now held by the corporation and will be used for promoting social and religious education.

The officers of the corporation are now engaged in looking for another site for the school and expect to reopen the institution of learning in a new location in the fall of 1930.

Mary W. Lippincott has requested the corporation to return to her the sum of $10,000 which she contributed to the endowment fund, giving the following reasons for her request: Although no conditions were attached to the said

contribution at the time it was made, it was the expectation of Mary W. Lippincott that the income of said gift of $10,000 would be used in the operation of a school on the property conveyed by her to the corporation and adjacent to her residence. The sale of said property and the removal of the school to another location has diminished the interest of Mary W. Lippincott in the said educational enterprise and it is her desire that her contribution to the said school shall not be greater than the proceeds of the sale of the property, totaling, as aforesaid, approximately $80,000.

The corporation is willing to accede to the request of Mary W. Lippincott and is willing to return the said sum of $10,000 if such return can lawfully be authorized by this court.

Assuming that we have the authority to authorize a repayment to Mary W. Lippincott, still we are of the opinion that the prayer of the petition must be denied.

"The education of youth and the support of schools are for the advancement of public good, and money given for such purposes was recognized in England as given for a charitable use before the statute of 43 Elizabeth. Our own courts have uniformly held the same doctrine:" Episcopal Academy v. Philadelphia et al., 150 Pa. 565; 11 Corpus Juris, 316.

The Woolman School is a corporation not for profit, it has no shares of stock, no private or pecuniary return is reserved to any person or class of persons, but all the benefit of the educational enterprise goes to the public.

To this corporation Mary W. Lippincott made a gift of $10,000 to be held as part of its endowment fund, the income to be used for the general purpose of the school, to wit, the promotion of social and religious education.

The gift, then, of Mary W. Lippincott was to a public charity and for a charitable use.

The corporation having accepted the gift holds it in trust for the purpose for which it was given. It cannot release this trust, nor can the donor withdraw the gift: 11 Corpus Juris, 371; McKissick v. Pickle, 16 Pa. 140; Jones v. Renshaw, 130 Pa. 327; Humane Fire Co.'s Appeal, 88 Pa. 389; Potts v. Philadelphia Ass'n, 8 Phila. 326; Mercer Home, Fisher's Appeal, 162 Pa. 232.

This is not the case of a charity which has ceased to exist or a charitable use that has failed. Even in such a case the money would not revert to Mary W. Lippincott, but to the Commonwealth: Act of May 23, 1895, P. L. 114; Mercer Home, Fisher's Appeal, supra.

When Mary W. Lippincott made her gift of $10,000 to the Woolman School she attached no conditions to it other than it was to become a part of the endowment fund of the educational enterprise, and this condition has been complied with. The fact that her expectations were not fulfilled or her hopes realized does not entitle her to receive her money back or justify the corporation in repaying it to her.

Mary W. Lippincott has been most generous to the Woolman School and under the circumstances we can sympathize with her request just as we can appreciate the motives which move the officers of the corporation in their desire to comply with it. But when Mary W. Lippincott donated the sum of $10,000 to the Woolman School, she dedicated it irrevocably to a charitable use. It is no longer hers to receive back or the corporation's to give away. It can only be used for the purposes for which it was given.

It follows that the prayer of the petition must be refused and the petition dismissed.

And now, Sept. 18, 1929, the petition is dismissed.

From Aaron S. Swartz, Jr., Norristown, Pa.