ROY C. MCKENNA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3972. Promulgated September 12, 1945.

*Norman D. Keller, Esq.*, for the petitioner.
*Homer F. Benson, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $414.49 in the petitioner's income tax for the calendar year 1940. The only issue is whether the petitioner is entitled to deductions under section 23 (o) for contributions which he made to several volunteer fire departments. The facts have been stipulated.

The petitioner is a resident of Westmoreland County, Pennsylvania, and filed his Federal income tax return for the calendar year 1940 with the collector of internal revenue for the twenty-third district of Pennsylvania, at Pittsburgh. He made donations during 1940 to several volunteer fire departments and hose companies located in the vicinity of his residence and claimed deduction for the amount of those donations on his income tax return for that year. The Commissioner disallowed the deduction, but now concedes that he erred in disallowing a deduction made to the Greensburg Volunteer Firemen's Relief Association.

The organizations to which the donations still in question were made were unincorporated associations of individuals organized and operated for the prevention of fires and the protection of life and property from loss by fire and other disasters in the municipalities where they are located and in surrounding communities. There is no other organization in those communities for the prevention and combating of fires. Each of the organizations is equipped and maintained through voluntary contributions made by the municipality in which it is located and by individuals and corporations in that community, and by funds derived from lawn fetes, carnivals, and similar activities. The members of each organization contribute their services voluntarily and without charge. No part of the earnings of any of these organizations inures to the benefit of any private shareholder or individual. They do not carry on propaganda or otherwise attempt to influence legislation.

The question for decision is whether the petitioner is entitled to a deduction under section 23 (o) (1) or (2) of the Internal Revenue Code, which allows deductions for contributions to or for the use of any political subdivision of a state for exclusively public purposes or to or for the use of a corporation or community fund or foundation organized and operated exclusively for charitable purposes. The Commissioner contends that "charitable purposes" is not broad enough to include these organizations. The provisions of this section, like the provisions exempting charitable corporations from tax, should be liberally construed, so that the result will not turn on accidental circumstances or legal technicalities. *United States* v. *Proprietors of Social Law Library*, 102 Fed. (2d) 481; *Slocum* v. *Bowers*. 15 Fed.

(2d) 400; *Harrison* v. *Barker Annuity Fund*, 90 Fed. (2d) 286; *Union & New Haven Trust Co.* v. *Eaton*, 20 Fed. (2d) 419; *Beggs* v. *United States*, 27 Fed. Supp. 599.

The Supreme Court of Pennsylvania held that the duty of extinguishing fires and saving people therefrom is a public duty; the agency to which such authority is delegated is a public agency, the duties of which are of a public character for the benefit of the public; and the agencies organized as a public benefaction and lessening the burden of the government are charitable within the broad sense of that term. *Fire Insurance Patrol* v. *Boyd*, 120 Pa. 624; 15 Atl. 553; *Lawson's Estate*, 264 Pa. 77; 107 Atl. 376; *Humane Fire Company's Appeal*, 88 Pa. 389; *Thomas* v. *Ellmaker*, 1 Pars. 98. These same cases hold that the funds contributed to these agencies for the purpose of charity are held in trust for the public and can not be applied except in furtherance of the charity. The contributions to the agencies are gifts and donations to charity, regardless of whether the associations have or have not been incorporated. Cf. *Bok* v. *McCaughn*, 42 Fed. (2d) 616; *Edith A. Wolf*, 40 B. T. A. 1232. Therefore, we hold that the volunteer fire companies to which the petitioner contributed were organizations of the kind described under section 23 (o) (2) and his contributions are deductible.

It would also appear from the laws of Pennsylvania that the authority to fight fires has been delegated to these companies by the state or some subdivision thereof, and it may be that the contributions would be deductible under section 23 (o) (1) as contributions for the use of a political subdivision of the State of Pennsylvania for exclusively public purposes.

*Decision will be entered under Rule 50.*