Harold E. Smith v. Commissioner.
Smith v. Commissioner
Docket No. 21930.
United States Tax Court
1949 Tax Ct. Memo LEXIS 9; 8 T.C.M. (CCH) 1086; T.C.M. (RIA) 49291; December 21, 1949
*9 An organization of volunteer firemen incorporated under the Membership Corporation Law of New York, held, organized for charitable purposes within the meaning and purpose of section 23(o)(2) of the Internal Revenue Code and contributions thereto are deductible. Roy C. McKenna, 5 T.C. 712, followed. John W. Sanborn, C.P.A., 623 Marine Trust Bldg., Buffalo, N. Y., for the petitioner. Robert H. Willan, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax for the calendar year ending December 31, 1945, of $75.51. The deficiency is due to two adjustments made by the Commissioner to the net income reported by petitioner on his return. These adjustments were: Unallowable deductions and additional income: (a) Capital loss
$ 10.39
(b) Contributions
250.00
Adjustment (a) is not contested. Petitioner by an appropriate assignment of error contests the correctness of adjustment (b). Adjustment (b) is explained in the deficiency notice as follows: "(b) It is held that a contribution to the Highland Hose Company, Inc. is not *10 an allowable deduction under section 23 (o) of the Internal Revenue Code." Findings of Fact The facts which were stipulated are hereby found as stipulated. The petitioner is an individual residing at Highland on the Lake, Derby, New York. The return for the period here involved was filed with the collector for the 28th district of New York. Highland Hose Company, Inc., (sometimes hereafter referred to as Highland) was organized August 25, 1937, under the Membership Corporation Laws of New York, to acquire and own fire apparatus for use by the corporation in the protection of persons and property from injury, loss, damage or destruction by fire; to own and acquire land and erect buildings for corporate purpose and for the use of the members of the corporation in connection with the housing of fire apparatus and for providing a place of meeting for the members of the corporation. By deed delivered November 23, 1945, petitioner conveyed as a gift to the Highland Hose Company, Inc., Lot 904, Highland on the Lake. Petitioner purchased this lot in 1923 at a cost of $295 and at the time of its conveyance by petitioner to Highland it had a fair market value *11 of $250. Highland is an independent fire company within a fire district. It receives very little financial support from taxpayers, relying chiefly upon receipts from dues, card parties, carnivals and field day events to provide funds for operating expenses and for purchase of fire fighting and first-aid equipment. Direct operating expenses during the year 1945 were $1,120.59. Receipts from fire district contracts were only $390.51 and receipts from dues were $679, making a total of $1,069.51. Gross receipts from parties, carnivals, etc., were $3,528.49 and expenses of these parties, carnivals, etc. were $1,642.53. Members did not derive any financial benefit from such parties or other events. All members are required by the bylaws to attend all meetings. In 1945 the only building owned by the company was an engine house. It was necessary to move out the fire truck to hold meetings of members. Highland now has a clubhouse. It was built subsequent to 1945 on the lot donated by petitioner. The expenses incurred in the upkeep of this clubhouse are raised by social functions in the clubhouse and on the clubhouse grounds such as lawn benefits, parties and field days which were sort *12 of carnival festivals. These events were not only attended by the members of Highland and their families but by the members of other volunteer fire departments in that vicinity of New York. The Boy Scouts, the Athletic Association and the Ladies Home Bureau each meet once a week in this clubhouse. No charge is made to them for those meetings. The clubhouse is kept open during the week for members of Highland so they can go there and spend some of their time in recreation if they wish, such as card playing, etc. There are 63 active members of Highland and an undisclosed number of social members and the community which it serves has 1,500 to 1,600 inhabitants. No part of the net earnings of Highland inures to the benefit of any private shareholders or individual and no part of its activities is used to carry on propaganda or in otherwise attempting to influence legislation. Opinion BLACK, Judge: The only issue which we have for decision in this proceeding is whether petitioner is entitled to deduct in 1945 from his gross income a contribution which he made to Highland Hose Company, Inc. by way of deeding it a lot for its use and occupancy. The proof shows that the lot originally *13 cost petitioner $295 at the time he acquired it and it had a fair market value at the time he conveyed it to Highland of $250. The latter figure is the deduction which he claims. Section 23 (o) of the Internal Revenue Code provides that there shall be allowed as deductions contributions by an individual to: "(1) the United States, any State, Territory, or any political subdivision thereof of the District of Columbia, or any possession of the United States, for exclusively public purposes; "(2) a corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States or of any State or Territory or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;" We had a similar issue to the *14 one here in Roy C. McKenna, 5 T.C. 712 and we there decided the issue in favor of the taxpayer. In our findings of fact in the McKenna case, we found among other things, as follows: "The organizations to which the donations still in question were made were unincorporated associations of individuals organized and operated for the prevention of fire and the protection of life and property from loss by fire and other disasters in the municipalities where they are located and in surrounding communities. There is no other organization in those communities for the prevention and combating of fires. Each of the organizations is equipped and maintained through voluntary contributions made by the municipality in which it is located and by individuals and corporations in that community, and by funds derived from lawn fetes, carnivals, and similar activities. The members of each organization contribute their services voluntarily and without charge. No part of the earnings of any of these organizations inures to the benefit of any private shareholder or individual. They do not carry on propaganda or otherwise attempt to influence legislation." Although respondent in his brief *15 contends that the McKenna case is distinguishable we see no distinction of substance in the facts of the instant case from those which were present in the McKenna case. In holding for the taxpayer in the McKenna case, we said: "The Supreme Court of Pennsylvania held that the duty of extinguishing fires and saving people therefrom is a public duty; the agency to which such authority is delegated is a public agency, the duties of which are of a public character for the benefit of the public; and the agencies organized as a public benefication and lessening the burden of the government are charitable within the broad sense of that term. Fire Insurance Patrol v. Boyd, 120 Pa. 624; 15 Atl. 553; Lawson's Estate, 264 Pa. 77; 107 Atl. 376; Humane Fire Company's Appeal, 88 Pa. 389; Thomas v. Ellmaker, 1 Pars. 98. These same cases hold that the funds contributed to these agencies for the purpose of charity are held in trust for the public and can not be applied except in furtherance of the charity. The contributions to the agencies are gifts and donations to charity, regardless of whether the associations have or *16 have not been incorporated. Cf. Bok v. McCaughn, 42 Fed. (2d) 616; Edith A. Wolf, 40 B.T.A. 1232. Therefore, we hold that the volunteer fire companies to which the petitioner contributed were organizations of the kind described under section 23 (o) (2) and his contributions are deductible." On the authority of the McKenna case, we decide this issue in favor of the petitioner. On account of the fact that there is one small adjustment made by the Commissioner, which was not contested by petitioner. Decision will be entered under Rule 50.