Frederick H. Knight and Nina A. Knight v. Commissioner.
Frederick H. Knight & Nina A. Knight v. Commissioner
Docket No. 19819.
United States Tax Court
1950 Tax Ct. Memo LEXIS 177; 9 T.C.M. (CCH) 455; T.C.M. (RIA) 50140; June 9, 1950
*177 Leonard A. Spalding, Jr., Esq., and Oscar M. Hansen, Esq., 2107 Fidelity-Philadelphia Trust Bldg., Philadelphia, Pa., for the petitioners. John A. Newton, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in the petitioners' income tax for 1945 of $195. The entire amount of the deficiency is due to the disallowance of a deduction for a contribution of $250 made by petitioner, Frederick H. Knight, to the Gladwyne Fire Company. Some of the facts were stipulated and are so found. The stipulation filed is incorporated herein by reference. Findings of Fact The petitioners are husband and wife residing in Bryn Mawr, Pennsylvania. They filed a joint income tax return for 1945 with the collector of internal revenue at Philadelphia, Pennsylvania. During 1945 petitioner, Frederick H. Knight, made a contribution of $250 to the Gladwyne Fire Company, hereinafter called the Gladwyne Company. A deduction was claimed for that amount in the petitioners' joint return for 1945 but was disallowed by respondent. Gladwyne is an unincorporated community located in Lower Merion Township, Montgomery County, Pennsylvania, *178 a community of approximately 48,000 people and including property of approximately $200,000,000 valuation. The Gladwyne Company is what is commonly known in Pennsylvania as a "volunteer fire company." It was organized on August 25, 1944, by the Court of Common Pleas of Montgomery County, Pennsylvania, pursuant to the nonprofit corporation law of the Commonwealth of Pennsylvania. The Gladwyne Company is the successor to an unincorporated association known as the Gladwyne Branch of the Merion Fire Company, a volunteer fire company formed in 1938 at Ardmore, Pennsylvania. The Gladwyne Branch maintained its own organization and was separate and distinct from the Merion Fire Company. The Gladwyne Company was organized on a nonstock basis and no part of its net income inured to the benefit of any number of the company or any other individual or corporation. The purpose of the company was to support and maintain equipment for the control of fire and for the protection of life and property from loss by fire and to do anything and everything necessary to further those ends. The fire department of Lower Merion Township was organized by the township commissioners pursuant to Pennsylvania *179 law. It consists of six volunteer fire companies: Bryn Mawr Fire Company, Merion Fire Company, Union Fire Association, West Manayunk Fire Company, Penn Wynn-Overbrook Hills Fire Company, and Gladwyne Fire Company. It is governed by a board of directors, consisting of the charman of the committee of township commissioners having charge of fire protection matters in the township, the fire marshall, the superintendent of police, and the president and chief of each of the six fire companies. The board of township commissioners of Lower Merion Township has power to make fire regulations, to maintain, govern, and regulate fire companies, and to purchase, maintain and regulate the use of fire fighting equipment. The board of township commissioners appointed a fire marshall to act as operating head of the township fire department and prescribed his official duties, including the duties of supervising the member volunteer fire companies, enforcing fire laws, attending all fires, and inspecting and testing fire fighting equipment of all fire companies. The fire marshall is a full-time paid official and has a deputy. Fire alarms are handled through a central control system in the township building *180 in Ardmore. Each member volunteer fire company has a definite district in the township, but may be called out to attend any fire in the township under the supervision of the fire marshall. Each company makes immediate written reports to the fire marshall of all fires attended in accordance with township requirements. The board of commissioners makes annual appropriations for each of the six volunteer fire companies constituting the fire department of the township. The funds appropriated are used for the general expense of the respective companies, for the amortization of automotive fire equipment, and for maintaining the small force of paid firemen on duty at each of the station houses. The secretary and terasurer of the Gladwyne Company receive a total of $400 per year. The janitor receives $20 monthly, and space rental and telephone service amount to $55 per month. The volunteer members of the company receive no compensation for their services. Anyone in the community may become a member of a volunteer fire company by either paying dues or qualifying as a member of a fire fighting brigade. During the years 1938 through 1945 the board of commissioners appropriated $1,500 annually *181 to the Merton Fire Company for the maintenance of the Gladwyne Branch of that company. Although the Gladwyne Company did not formally become a member of the fire department of Lower Merion Township by ordinance of the commissioners until 1948, since 1945 annual appropriations have been made directly to the Gladwyne Company and have averaged about $3,000. The board of commissioners pays the annual contract rentals, about $22,000, for fire hydrants in the township. An individual accounting firm audits the books of the Gladwyne Company annually for the board of township commissioners. Annual reports of tax ordinances and appropriation ordinances, including those for fire fighting, are made by the board of commissioners to the Department of Internal Affairs of the Commonwealth of Pennsylvania. Additional funds for the maintenance of the Gladwyne Company are received from dues and initiation fees from members and from contributions from residents of the Gladwyne district. During the latter part of 1945 and the fore part of 1946 the Gladwyne Company conducted a campaign to raise funds for the erection of a fire house. The contribution of $250 made by petitioner, Frederick E. Knight, in *182 1945 was made in the course of this campaign. Total contributions made to the Gladwyne Company to date amount to about $34,178. Total appropriations by the township amount to about $10,666 and total dues and fees from members of the company to about $760. The Gladwyne Company has been active solely in fire fighting. It has never attempted to influence legislation or carry on propaganda and has never spent any money for any purpose other than matters directly connected with fire fighting. Its property, as well as that of the other volunteer fire companies in the township, is exempt from taxation by the township. The maintenance of the volunteer fire companies instead of regular paid companies has resulted in substantial tax savings to residents of the community. It has also resulted in the establishment of lower fire insurance rates than would prevail if the fire protection were not provided. Opinion LEMIRE, Judge: The sole issue presented for our determination here is whether the contribution made by petitioner, Frederick H. Knight, to the Gladwyne Fire Company is deductible as a contribution to a corporation organized and operated exclusively for charitable purposes within the *183 meaning of section 23 (o) (2), [1] Internal Revenue Code. The respondent contends that the Gladwyne Company is not a charitable organization within the meaning of section 23 (o) (2) because it was formed by private persons *184 for the purpose of providing protection for life and property in their community which was not provided by the township government, and because contributors to the Gladwyne Company received real benefit through fire protection and through the reduction of fire insurance premiums. He argues, citing Bok v. McCaughn, 42 Fed. (2d) 616, that the term "charitable" as used in the statute can be applied only to "Whatever is given for the love of God, or the love of your neighbor, * * * free from the stain or taint of every consideration that is personal, private, or selfish." We had a similar issue before us in Roy C. McKenna, 5 T.C. 712. In deciding the issue in that case in favor of the taxpayer, we found that the organizations to which the donations were made were organized and operated for the prevention of fires and the protection of life and property from fire in their communities. They were equipped and maintained through voluntary contributions by the municipalities in which they were located and by individuals and corporations in the communities. The volunteer members of the organizations contributed their services without charge, and no part of the income *185 of the organizations inured to the benefit of any private individual. They did not carry on propaganda or otherwise attempt to influence legislation. Although respondent contends that the McKenna case is distinguishable, we see no distinction of significance between the facts of this case and those of the McKenna case. In the McKenna case we said: "The Supreme Court of Pennsylvania held that the duty of extinguishing fires and saving people therefrom is a public duty; the agency to which such authority is delegated is a public agency, the duties of which are of a public character for the benefit of the public; and the agencies organized as a public benefaction and lessening the burden of the government are charitable within the broad sense of that term. Fire Insurance Patrol v. Boyd, 120 Pa. 624; 15 Atl. 553; Lawson's Estate, 264 Pa. 77; 107 Atl. 376; Humane Fire Company's Appeal, 88 Pa. 389; Thomas v. Ellmaker, 1 Pars. 98. These same cases hold that the funds contributed to these agencies for the purpose of charity are held in trust for the public and can not be applied except in furtherance of the *186 charity. The contributions to the agencies are gifts and donations to charity, regardless of whether the associations have or have not been incorporated. Cf. Bok v. McCaughn, 42 Fed. (2d) 616; Edith A. Wolf, 40 B.T.A. 1232. Therefore, we hold that the volunteer fire companies to which the petitioner contributed were organizations of the kind described under section 23 (o) (2) and his contributions are deductible." On the authority of the McKenna case, we hold that respondent erred in disallowing the deduction by the petitioners for the contribution made by them to the Gladwyne Company in 1945. No discussion of the other arguments and contentions made by the parties is warranted. Decision will be entered for the petitioners. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(o) Charitable and Other Contributions. - In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of: * * *
(2) a corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States or of any State or Territory or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation; * * *↩