HYMIE SCHWARTZ, AND HIS WIFE, JEANNETTE L. SCHWARTZ, PETITIONERS, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45571. Filed June 30, 1954.

*Emil Corenbleth, Esq.*, for the petitioners.

*Paul M. Newton, Esq.*, and *James F. Hoge, Jr., Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* The only question is whether petitioner may properly claim a deduction for fees paid in 1950 for legal services in connection with attempts to determine and settle his income tax liabilities for previous years.

In the ordinary case where litigation over income tax liabilities is carried on and attorney fees are contracted for and paid in connection therewith such a deduction would be a proper one. *James A. Connelly*, 6 T. C. 744. See also *David L. Loew*, 7 T. C. 363. Indeed, Regulations 111, section 29.23 (a)–15 expressly provides that "Expenses paid or incurred by an individual in the determination of liability for taxes upon his income are deductible." Nevertheless, the Commissioner contends that section 24, Internal Revenue Code, which provides that personal expenses are not deductible cuts across the cited regulation in this case in such a way as to deny deductibility, apparently because additions to tax for fraud and a possible charge of criminal fraud are involved, and that was the phase of the problem on which the attorneys' services were concentrated. It is also urged that public policy should preclude the deduction.

It is apparent that the tax question in connection with which the attorneys were retained related to business income of petitioner. That the question pertained to previous years would not preclude deductibility and would seem to be of no consequence. *James A. Connelly*, *supra*.

Nor do we see how the fraud issue or public policy should preclude deduction of the fees by petitioner. Certainly, had the case been compromised before referral to the Attorney General, the fees would have been allowed as a deduction, regardless of the fact that the criminal fraud penalty was also compromised. *Greene Motor Co.*, 5 T. C. 314, acquiescence noted 1945 C. B. 3. In the case at hand it is true that petitioner was finally indicted for criminal fraud in 1951 and convicted on a plea of nolo contendere and that his civil liability as finally determined and paid included additions to tax for fraud. But those

facts eventuated after the services for which the fees here involved were charged had been concluded and the fees paid. The attorneys' services were not performed in connection with the criminal trial and there is no evidence in the record to connect them with that proceeding. No deduction is claimed for the fees of the attorney who handled the criminal trial. When the services here involved were terminated there was no certainty that an indictment would follow or even that additions to tax for fraud would be determined. There was some indication to the contrary, for the attorney in the Bureau of Internal Revenue before whom the hearing of October 16, 1950, was held stated at the conclusion of the hearing as follows:

The whole thing bogs down to whether or not these sales were intentionally left off—and I doubt it. It is possible, as I was going to say, that we may want to send the case back for further investigation. * * *

As we view it the legal fees here in question were for services in connection with determining the proper taxes due on petitioner's business income and in attempting to settle petitioner's proper liability for taxes. The services were abortive as far as the addition to taxes for fraud and the criminal liability are concerned, but the employment of the attorneys had terminated before any additions to tax for fraud had been determined and before an indictment had been returned. The deductibility of the fees in 1950, the year in which employment came to an end, should not be made to depend on events which came about in 1951.

Reviewed by the Court.

*Decision will be entered for the petitioners.*

VAN FOSSAN, MURDOCK, TURNER, HARRON, and RAUM, *JJ.*, dissent.