## Jim Thorpe Borough v. Hoffman

*Thomas W. Durnin*, for plaintiff.
*Armin Feldman*, for defendant.

LAVELLE, *P.J.*, September 28, 1979—This is an action in replevin in which the Borough of Jim Thorpe is seeking to recover possession of an antique hose cart purchased by defendant, Maurice Hoffman, from the Phoenix Hose Company No. 2. The case comes before the court on a stipulation of facts which we now set forth in narrative form.

The Borough of Jim Thorpe, a Carbon County municipality, is authorized by law to make regulations within the borough or within such limits as it deems proper relative to the causes, management of fires and prevention thereof: Borough Code, section 1202(21). Certain ordinances relating to the formation and control of fire companies were adopted by the borough on June 6, 1875, on September 5, 1885 and March 6, 1950, and these ordinances were enactments of the Borough of Jim Thorpe through its predecessor, the Borough of Mauch Chunk.

The Phoenix Hose Company No. 2 (hereinafter referred to as Hose Company), a member of the Jim Thorpe Fire Department, received the horse-drawn hose cart as a gift some years ago (no doubt at a time when such carts were in vogue and more useful than decorative). Despite the mandate of the President of Borough Council to maintain possession of the hose cart in a letter dated May 23, 1975, Hose Company sold the hose cart to defendant.[1] Hose Company had continuously maintained possession of the cart until the time of its sale.

The burning issue in this contest is who has the right to control, even to the point of sale, the antique

_____

1. There is nothing in the record before us to indicate that it was not bought in good faith and for a fair consideration.

hose cart. If Hose Company had the right to sell, the borough has no right in a replevin action to recover possession and defendant must prevail. Both parties were given an opportunity to present briefs and argue their respective positions. The matter is now ripe for disposition.

## DISCUSSION

The borough contends that it has the statutory authority to take possession of the fire equipment of any authorized company of the Jim Thorpe Fire Department by virtue of the Borough of Jim Thorpe Rules and Regulations for the Government of the Fire Department. Specifically, defendant relies on the ordinance enacted June 26, 1875, Article IX, Section 10, and the ordinance enacted March 6, 1950, Sections 2 and 10. We reject the borough's contention as devoid of merit.

The ordinance of June 26, 1875, Article IX, Section 10, provides:

"The Town Council reserves the right at any time to change, annul or make new regulations concerning the government of the different companies or to assume possession of the carriages, hose rooms, furniture and fixtures of any company, if in their opinion such company does not properly conduct or care for the same."

Putting aside the question whether the Borough Council ever determined that Hose Company did "not properly conduct or care for" the hose cart, we hold that the ordinance of June 26, 1875, is no longer in force. Section 16 of the ordinance of March 6, 1950, provides:

"The Ordinance hereinbefore enacted on the 5th day of September, 1895, provided for the construction of the Fire Department of the Borough of

Mauch Chunk[2], be, and is hereby specifically repealed and all ordinances or any parts of ordinances heretofore passed and inconsistent herewith, be and are hereby repealed."

The language of section 10 of the ordinance of 1895 is identical to that of section 10 of the ordinance of 1875, on which plaintiff relies. Therefore, section 16 of the ordinance of March 6, 1950, not only expressly repealed section 10 of the ordinance of 1895, but it also impliedly repealed section 10 of the ordinance of 1875.

We further hold that there is nothing within the language of either section 2 or section 11 of the ordinance enacted March 6, 1950, to make those provisions applicable to the facts now before the court. The ordinance enacted March 6, 1950, provides, in relevant part: "Section 2. Said department (the Jim Thorpe Fire Department) so organized shall be under the superintendence and direction of an officer of the Borough who shall be known as the Fire Marshal of the Fire Department and one Assistant Fire Marshal." Section 11 of that same ordinance provides, in relevant part:

"2. That none of the fire apparatus shall be taken from the said Borough by any of the said Companies for any purpose whatever, without the direction and under the supervision of the Fire Marshal or Assistant Fire Marshal, who shall be in charge, except for parades or such occasions, at which time not more than one-half of the equipment shall be permitted to leave the Borough. . . ." Ordinance of March 6, 1950, Section 11, Subsection 2. Indeed, with respect to section 11, subsection 2, we note

2. As indicated in stipulation no. 5, the Borough of Mauch Chunk was the predecessor to the Borough of Jim Thorpe.

that the obvious purpose of that subsection was to ensure that sufficient amounts of fire fighting equipment would be present in the borough at all times.

Moreover, a right to make general regulations relative to the management of fires gives no right to the borough authorities to take out of the possession of an incorporated company the fire engines and apparatus that are not owned by the Borough: Bethlehem Borough v. Perseverance Fire Co., 81 Pa. 445, 458 (1876).

In the instant case the Borough of Jim Thorpe holds paper legal title to all of the borough fire equipment except the antique hose cart in question.[3]

Not persuaded by plaintiff's statutory arguments, we now turn to common law principles to determine whether Hose Company had a right to sell the antique hose cart.

Bethlehem Borough v. Perseverance Fire Co., supra, involved an action of assumpsit by the Borough of Bethlehem against defendant fire company to recover the purchase price of various pieces of fire equipment sold by defendant. One of the pieces

---

3. Though not a stipulation of the parties, this fact was called to the court's attention by defense counsel during oral argument, and plaintiff's counsel conceded the fact. Though this fact does not decide the issue, we do believe it makes this a more compelling case for finding that the Hose Company held legal title to the hose cart free of any restrictions to sell. As was said in Bethlehem Borough, p. 458: "The borough may purchase and own fire-engines or apparatus, or it may appropriate money as a donation to a fire company to assist in their purchase. What the borough owns herself, she may take possession of and control or sell it. What an incorporated company owns the borough cannot control in that manner."

of equipment, and the center of the controversy, was a "very old hand-engine, which had become useless and had passed as a relic into the hands of" the Perserverance Fire Company. Id. at 447. Finding that the Fire Company held legal title to all property it acquired in aid of its object of fighting fires, the Pennsylvania Supreme Court set forth several applicable principles of law: Property acquired by a municipal fire company either through gift, donation, or subscription becomes trust property held in trust for the uses for which the fire company was created. Id. at 457-58. (See also Jeanes's Estate, 14 Pa. C.C. 617, 3 Dist. R. 314 (1894); Humane Fire Company's Appeal, 88 Pa. 389, 391 (1879)). The trust property may in good faith be sold by the trustee-fire company as long as the proceeds of the sale are used either for the purpose of its charter or to purchase new fire apparatus: 81 Pa. at 458.

Applying these principles to the instant case, we hold that the Phoenix Hose Company held legal title to the hose cart, which was donated to the Hose Company. Absent a showing by the Borough of Jim Thorpe that it held legal title to the hose cart, we are compelled to hold on the basis of Bethlehem Borough that the Phoenix Hose Company was the legal owner and trustee.[4] As legal owner and trustee, the Phoenix Hose Company had the power to sell the hose cart to defendant. There is no evidence in the record that Hose Company did not make the sale in good faith. As a bona fide purchaser, therefore, defendant acquired title to the hose cart free and clear of any claim which the borough now asserts.

Accordingly, we enter the following

4. See note 3, supra, and accompanying text.

## VERDICT

And now, September 28, 1979, we find in favor of defendant, Maurice Hoffman, and against plaintiff, Borough of Jim Thorpe.